# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**DAVID ERWIN**                                                                 **PLAINTIFF**

v.                                            No. 3:18-cv-73-DPM

**JOHN DOES, Officers 1-3; and**
**ANTHONY GANUS,* Deputy**
**Sheriff, Greene County, Arkansas**                            **DEFENDANTS**

## ORDER

**1.** David Erwin alleges that Deputy Sheriff Anthony Ganus violated his constitutional rights during a May 2018 traffic stop in Paragould. Erwin says that Deputy Ganus didn't have probable cause to stop his car; the traffic stop went on too long; they deputy didn't have probable cause to search his car or his person; and the search of his person was too intrusive. Deputy Ganus seeks summary judgment on all claims. The Court takes the material facts, where genuinely disputed, in the light most favorable to Erwin. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).

**2.** The initial traffic stop was supported by probable cause. Deputy Ganus started following Erwin's car around 4:30 one morning after he noticed the car make an abrupt turn, seemingly to avoid

---

* The Court directs the Clerk to correct Anthony Ganus's name on the docket.

driving in front of where the deputy was sitting in his car monitoring traffic. The deputy saw Erwin cross the center line twice; he had dispatch check the car's tags, which indicated Erwin was the owner and that Erwin's license was suspended; then the deputy stopped the car. Probable cause existed to do so. *United States v. Sallis*, 507 F.3d 646, 649 (8th Cir. 2007).

**3.** Deputy Ganus didn't violate the Fourth Amendment by using his K9 to do a sniff of Erwin's vehicle or by extending the traffic stop. When Ganus approached Erwin's car, Erwin started talking—without prompting—about methamphetamine. That talk, coupled with Erwin's suspended license, caused Deputy Ganus to suspect criminal activity. The officer had a reasonable and articulable suspicion, which supported running his dog around the car. *United States v. Donnelly*, 475 F.3d 946, 952 (8th Cir. 2007). According to the time log from that morning made by Greene County's dispatcher, the entire traffic stop—from the time Deputy Ganus stopped Erwin to the time he wrote him his ticket—lasted about thirty minutes. № 34-1 at 8. Erwin says the log doesn't match Deputy Ganus's affidavit. But they vary only by a minute or two. Erwin also says the stop lasted more than two hours. He hasn't offered any admissible evidence on this point; part of his response is an "affidavit," but it was not verified, and, unlike his complaint, was not made under penalty of perjury. Erwin is handling his case without a lawyer, but he must follow the governing rules of

law nonetheless. Erwin's unsworn statements do not create a genuine dispute of fact. *Conseco Life Insurance Co. v. Williams*, 620 F.3d 902, 910 (8th Cir. 2010).

**4.** Deputy Ganus had probable cause to search Erwin's car. When Ganus's dog—Deks—alerted on the car, that created probable cause. *Donnelly*, 475 F.3d at 954–55. And Erwin hasn't challenged Deks's training or accuracy. *Ibid.* Deputy Ganus also had at least arguable probable cause to search Erwin and then his passenger. After Deks alerted on the driver's side of Erwin's car, the deputy searched the vehicle but found nothing. At that point, it was reasonable for Deputy Ganus to conclude that either Erwin (or his passenger) possessed whatever prompted Dek's alert. *United States v. Chartier*, 772 F.3d 539, 545–46 (8th Cir. 2014).

**5.** Last, the search of Erwin's person, which he says was too intrusive. During a pat down, Deputy Ganus felt an abnormally large bulge in Erwin's groin area. Erwin said he had a sock stuffed in his pants. The deputy had Erwin hold up the back of his pants, unbuckled Erwin's belt, lowered his pants, and removed the sock to search it for contraband. He didn't find any. The deputy then searched around Erwin's waist band with his flashlight to make sure Erwin wasn't hiding anything. He wasn't. Ganus buckled Erwin's pants after the search. № 34-1 *at 3*. The stop ended shortly after Deputy Ganus wrote Erwin his ticket. Erwin's verified complaint mostly echoes these facts.

№ 1 at 10. And this sort of reach-in search is permissible in these circumstances under *United States v. Williams*, 477 F.3d 974, 976 (8th Cir. 2007). The deputy then patted the passenger down. He found nothing suspicious, and searched him no further.

Erwin also says that Deputy Ganus penetrated him during the search. № 36 at 2–3. The deputy tells a different story. № 34-1 at 3. Erwin first alleged this penetration in his earlier motion to reconsider. № 11 at 1. That filing, and the "affidavit" part of his response to the motion for summary judgment are the only papers that mention this allegation. Neither is verified or sworn. Erwin has therefore failed to meet proof with proof, thus creating a genuine dispute of material fact for trial. *Conseco Life Insurance Co.*, 620 F.3d at 910; *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006).

*   *   *

Ganus's motion, № 33, is granted. Erwin's claims against him will be dismissed with prejudice. Erwin hasn't identified John Does 1–3. They will be dismissed without prejudice.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 August 2019